IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY SIMS, JR., | No. C 10-2872 LHK (PR) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| D.G. ADAMS, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as a second or successive petition. Petitioner has filed an opposition, Respondent has filed a reply, and Petitioner has filed an opposition to Respondent's reply. Based upon the papers submitted, the Court concludes that the petition is an unauthorized second or successive petition, GRANTS Respondent's motion, and DISMISSES the instant petition.

**BACKGROUND**

In 2003, Petitioner was convicted in the San Francisco County Superior Court of assault with a deadly weapon. The trial court sentenced Petitioner to a 19-year prison term. Petitioner did not appeal. Petitioner later filed a state habeas petition, which was denied. Thereafter, Petitioner filed a federal habeas petition in 2006, which was dismissed as untimely. Petitioner did not appeal from that dismissal. Petitioner then filed another state habeas petition. On June

29, 2010, Petitioner filed the instant petition raising the following claims: (1) he received ineffective assistance of counsel because counsel failed to argue that a prior conviction was unlawful, and therefore, could not be applied to enhance Petitioner's sentence, and (2) enhancing his sentence based on that prior conviction violated his 1979 plea bargain.

## DISCUSSION

A district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence unless the claims presented in the previous petition were denied for failure to exhaust. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition.

Here, the instant petition challenges the same conviction and sentence as Petitioner's 2006 habeas action, *Sims v. Veale*, No. 06-4489 MJJ (N.D. Cal. 2007), which was dismissed as untimely on November 8, 2007. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (recognizing that when a previous petition's dismissal based on untimeliness constitutes a disposition on the merits). Petitioner has not presented an order from the Ninth Circuit Court of Appeals authorizing this Court to consider any new claims. Accordingly, this Court must dismiss the instant petition in its entirety. *See* 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSION

Respondent's motion to dismiss the petition as second or successive is GRANTED. The instant habeas petition is DISMISSED without prejudice to refiling if Petitioner obtains the necessary order. The Clerk shall terminate any pending motions and close the file.

Petitioner has not shown " that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated: 9/29/11

LUCY H. KOH
United States District Judge